# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| COREY ALAN BENNETT #509793, ) | |
| ) | |
| Plaintiff, ) | No. 3:15-cv-00854 |
| ) | |
| v. ) | JUDGE TRAUGER |
| ) | |
| BRUCE WESTBROOKS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff Corey Alan Bennett has filed this *pro se* action under 42 U.S.C. § 1983 (ECF No. 1), along with an application to proceed *in forma pauperis*. (ECF No. 2.) The matter is before the court for a determination of whether the plaintiff may proceed without prepayment of the applicable filing fee.

The plaintiff is well aware, having been notified numerous times, that he falls within the scope of 28 U.S.C. § 1915(g). That provision bars a prisoner from bringing a civil action or appealing a judgment in a civil action *in forma pauperis*, that is, without paying the full filing fee, if he has had more than three lawsuits previous dismissed as frivolous or for failure to state a claim. A prisoner plaintiff who falls within the scope of § 1915(g) must pay the filing fee unless he is under imminent danger of serious physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 603-04 (6th Cir. 1998).

For the purposes of § 1915(g), the court considers whether a plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). Although the United States Court of Appeals for the Sixth Circuit has not offered a precise definition of imminent danger, it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, the Sixth Circuit has noted that "[t]he imminent danger exception is essentially a

pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562.

As a *pro se* plaintiff, Mr. Bennett is entitled to have his complaint liberally construed. *Vandiver*, 416 F. App'x at 562. Moreover, at this stage in the proceedings, the court must accept as true the factual allegations in the complaint, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). That is, the court cannot decline pauper status simply because it finds the factual allegations of imminent danger to be improbable or unlikely. *Id.* On the other hand, the PLRA gives courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 32 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Factors a court may consider in making that determination include, but are not limited to, "judicially noticeable facts" that bear upon the plaintiff's allegations. *Id.* at 32–33.

In an apparent attempt to avoid the application of the § 1915(g) bar entirely, the plaintiff in his current complaint *certifies under penalty of perjury* that he has never filed any previous lawsuits in any federal or state court, checking the line for "No" and writing "0" and "None" on the page of the complaint form where prior lawsuits should be identified. (ECF 1, at 5 and 11.) That certification is false. In truth, this court has found that as of July 15, 2015, Plaintiff had filed at least 72 lawsuits in federal district courts in Tennessee, and had filed at least 80 lawsuits and appeals *after* being held subject to the 3-strikes bar of § 1915(g). *Bennett v. Scott*, No. 3:15-cv-00729 (M.D. Tenn. July 15, 2015) (Memorandum and Order, Docket Entry No. 4) (Campbell J.) Since the entry of that order a month and a half ago, the plaintiff has filed at least two more complaints in this court, in addition to the one currently under review. *See Bennett v. Westbrooks*, No. 3:15-cv-00834; *Bennett v. Brown*, No. 3:15-cv-00937. His numerous federal civil actions dismissed either as being frivolous or for failure to state a claim include: *Bennett v. Isaacs*, No. 3:13-cv-299 (E.D. Tenn. Oct. 10, 2013) (dismissing as frivolous and for failure to

state a claim); *Bennett v. Sexton*, No. 3:13-cv-494 (E.D. Tenn. October 15, 2013) (dismissing as frivolous and for failure to state a claim); and *Bennett v. Sexton*, No. 3:13-cv-538 (E.D. Tenn. October 15, 2013) (dismissing as frivolous and for failure to state a claim).

In further effort to evade the consequences of § 1915(g), the plaintiff – as he now does in all his complaints – alleges several different instances of past abuse against a multitude of defendants (19 in this case), which he intends to get before the court without payment of the filing fee by including allegations of imminent danger. The allegations relevant to his claim of imminent danger are that (1) a host of defendants including Tennessee Department of Correction Commissioner Derrick Schofield have informed him that they intend to kill him or to allow gang members to kill him, and (2) he has had "no Food in 36 hours." (ECF No. 1, at 8 and 10.)

The court takes judicial notice of the fact that the plaintiff already has at least one lawsuit pending against many of the same defendants, in which he has been permitted to proceed *in forma pauperis* on the basis of allegations that (1) defendants including Commissioner Schofield have expressed an intent to kill the plaintiff or have him killed, and (2) he was being deprived of food (coincidentally also for 36 hours). *See Bennett v. Schofield*, No. 3:15-cv-00401 (M.D. Tenn. May 11, 2015) (Order granting IFP, Docket Entry No. 4) (Trauger, J.). Accordingly, the issue of the alleged department-wide conspiracy to kill or starve the plaintiff is subject to judicial review and redress in that prior suit, and does not warrant yet another new lawsuit in exception to § 1915(g). The imminent danger exception in § 1915(g) exists in order to provide a safety valve to ensure that inmates otherwise barred from filing suit *in forma pauperis* may still seek relief from serious threats to their lives or health. *Threatt v. Raymond*, No. 1:13-CV-422, 2013 WL 1819222, at *3 (W.D. Mich. Apr. 29, 2013) ("The ostensible purpose of the imminent-danger exception is to allow prisoners like Plaintiff to remedy serious dangers that they face.") That purpose is served by a single suit arising from any particular current threat – such as the threat

of death or starvation – and should not be abused by filing new lawsuits about the same threat on a weekly or monthly basis, as the plaintiff has done.

Alternatively, the court finds that in light of the plaintiff's objectively false claim in this case that he has never filed a previous lawsuit, and his history of abusive litigation including other clearly fabricated factual allegations, *see Bennett v. Westbrooks*, No. 3:15-cv-00834 (M.D. Tenn. August 31, 2015) (Memorandum, Docket Entry No. 5, at 4–5) (Haynes, S.J.) (illustrating conflicts between the plaintiff's allegations and court records and concluding that allegations are "demonstrably false" and "incredible"),[1] the factual allegations of the present complaint are either wholly delusional or intentionally false. The very first allegation in the current complaint, for example, is that 6 gang members stabbed the plaintiff 13 times on July 30, but he was in and out of the hospital and back in the prison before 1:30 p.m. the following day. He goes on to allege that: upon returning to prison, he was beaten and stomped by 11 people, including Commissioner Schofield; raped repeatedly by 3 TDOC officials; raped repeatedly again the following day by the same officials; beaten and kicked by 3 other defendants; placed in a cell with 5 gang members who beat and raped him "for long periods of time"; and that he had not been fed in 36 hours.[2]

If this were the plaintiff's first, twentieth or even seventieth complaint, the court might find these allegations to be merely improbable. But the court's review of the plaintiff's allegations is

---

[1] The United States District Court for the Eastern District of Tennessee has repeatedly found the plaintiff's allegations of imminent danger to be incredible. *Bennett v. Roark*, No. 2:14-cv-00034 (E.D. Tenn. Feb. 21, 2014) (Memorandum and Order, Docket Entry No. 7, at 2) (Greer, J.); *Bennett v. Tennessee Dept. of Corr.*, No. 2:14-cv-00384 (E.D. Tenn. April 10, 2015) (Order, Docket Entry No. 11) (Greer, J.). In the latter case, the court credited a response submitted by the prison warden for the limited purpose of determining IFP status, which included photographs of the plaintiff that showed no noticeable injuries to the plaintiff following an incident in which he alleged that he had been beaten unconscious and suffered several lacerations that required an overnight stay in the hospital, and documentation indicating that the plaintiff had never been taken to the hospital in which he claimed to have spent the night. *Bennett v. TDOC*, E.D. Tenn. No. 2:14-cv-00384 (Docket Entry Nos. 1, 9, 11).

[2] As the court recently observed in another of his cases, the plaintiff has regularly alleged in multiple complaints since at least September 2014 that he is being starved. *See Bennett v. Scott*, No. 3:15-cv-00729 (M.D. Tenn. Memorandum and Order denying IFP and dismissing) (Docket Entry No. 4, at 4) (Campbell, J.). Yet in the current complaint the plaintiff does not allege any weight loss or other ill effects from being chronically starved.

to be "informed by its judicial experience and common sense," *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012), which in this case includes the plaintiff's previous allegations to this court. Viewing the current allegations in light of the plaintiff's history of abusive litigation and documented lack of credibility, the court finds that they are beyond belief. This finding is buttressed by the fact that while he alleges he was being "brutally raped and sexually assaulted by Defendants and brutally beaten on 4 days straight," plus starved for 36 hours, the plaintiff nevertheless managed to draft, serve and submit to this court not only the current complaint, but a motion for a service packet, *see Bennett v. Carpenter*, No. 3:15-cv-00266 (Plaintiff's motion signed August 3, 2015) (Docket Entry No. 71), a motion for third party subpoena, *see Bennett v. Griffin*, No. 3:15-cv-00617 (Plaintiff's motion signed August 3, 2015) (Docket Entry No. 28), a motion for 12 service packets, *id.* (Plaintiff's motion signed August 3, 2015) (Docket Entry No. 29), and a "motion to order this case for fast & speedy forma pauperis," *see Bennett v. Westbrooks*, No. 3:15-cv-00834 (Plaintiff's motion signed August 3, 2015) (Docket Entry No. 4).

For all of the reasons set forth above, the plaintiff is barred by 28 U.S.C. § 1915(g) from proceeding in this action *in forma pauperis*. The application to proceed as a pauper (Docket Entry No. 2) will be denied.

The plaintiff has demonstrated through this and other filings that he is indigent, so granting him 30 days within which to submit the $400 filing fee would be an exercise in futility. Accordingly, the court will dismiss this action for failure to submit the filing fee with the complaint. This dismissal will be without prejudice to the plaintiff's ability to file a motion to alter or amend judgment accompanied by the full $400 filing fee within 28 days of entry of this order.

An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge