**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **COREY ALAN BENNETT #509793,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:15-cv-00854** |
| | ) | |
| **v.** | ) | **JUDGE TRAUGER** |
| | ) | |
| **BRUCE WESTBROOKS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff Corey Alan Bennett, an inmate confined at Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, brings yet another *pro se* action under 42 U.S.C. § 1983 (ECF No. 1), along with an application to proceed *in forma pauperis*. (ECF No. 2.) The matter is before the court for a determination of whether the plaintiff may proceed without prepayment of the applicable filing fee.

For the reasons set forth in the memorandum entered herewith, the plaintiff does not credibly allege that he is in imminent danger of serious physical injury. He is therefore barred by 28 U.S.C. § 1915(g) from proceeding in this action *in forma pauperis*. The application to proceed as a pauper (ECF No. 2) is **DENIED**.

Because the plaintiff has demonstrated through this and other filings that he is indigent, rather than granting him 30 days within which to submit the $400 filing fee, the court hereby **DISMISSES** this action for failure to submit the filing fee with the complaint. This dismissal is without prejudice to the plaintiff's ability to file a motion to alter or amend judgment accompanied by the full $400 filing fee within 28 days of entry of this order.

The plaintiff's motion (ECF No. 3) for ruling on his motion to proceed IFP is **DENIED** as moot.

Pursuant to *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002), the entire $400 fee is hereby **ASSESSED**, as follows: the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $400 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of the Riverbend Maximum Security Institution to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement.

Entry of this order shall constitute the judgment in this action. Any appeal from this order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

2